UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMERALD CONSULTING
PARTNERS, LLC,

    Plaintiff,

v.

MESSNER REEVES LLP,

    Defendant.
_____/

CASE NO: 8:25-cv-01915

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER, FOR CLAWBACK AND DESTRUCTION OF IMPROPERLY OBTAINED DOCUMENTS AND FOR SANCTIONS**

Defendant, MESSNER REEVES, LLP ("Messner" and/or "Defendant"), by and through the undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26(c) and 37, and the Court's inherent authority to enforce its orders and prevent abuse of process, moves for entry of a Protective Order requiring Plaintiff and Plaintiff's counsel to claw back and destroy records improperly obtained through subpoenas to Northern Trust Corporation or The Northern Trust Company (collectively "Northern Trust").

## I. INTRODUCTION

This motion concerns Plaintiff's counsel's knowing and willful circumvention of this Court's authority and the discovery rules. Despite a pending Motion to Quash a subpoena for Defendant's bank records and an

Order from this Court staying the subpoenas pending a hearing, Plaintiff's counsel knowingly and intentionally downloaded records from Defendant's bank. Furthermore, Plaintiff's counsel also improperly filed subpoenas for the same information in a related state court action where the only named Defendant had been defaulted prior to the issuance of the subpoenas. This conduct warrants immediate protective relief, clawback and destruction of the records improperly obtained and sanctions.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Out of State Actions

1. Plaintiff filed a lawsuit against Defendant, Messner, and INBE Capital LLC in the Orange County Superior Court of the State of California, alleging that Defendant, Messner, wrongfully retained funds belonging to Plaintiff. Plaintiff voluntarily dismissed the case.

2. Plaintiff and others subsequently filed a lawsuit in the U.S. District Court for the District of Utah based on the same allegations which was ultimately dismissed. An Order for sanctions was entered against Plaintiff's counsel in that case. The case is on appeal in the Tenth Circuit Court of Appeals.

3. Plaintiff and others filed a second lawsuit against Defendant Messner, in the Orange County Superior Court of the State of California. Plaintiff is currently actively litigating the case filed in the Superior Court of

the State of California.

**B. The Instant Action**

4. After Plaintiff filed the above referenced lawsuit in the Superior Court of the State of California, Defendant Messner issued a statement on its website indicating that it was preparing a vigorous defense of the lawsuit.

5. Plaintiff subsequently filed the instant action for defamation related to the statement issued on Defendant's website referencing the California lawsuit. The action was originally filed in the Sixth Judicial Circuit in and for Pasco County, Florida and subsequently removed to the Middle District of Florida, based on diversity jurisdiction.

6. Following removal of the case, Plaintiff filed an Amended Complaint asserting claims of Defamation (libel) Per Se and Defamation (Libel) Per Quod based upon the statement issued on Defendant's website referencing the California lawsuit.

7. On September 2, 2025, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint for lack of Personal Jurisdiction over Defendant, which is currently pending a ruling from this Court.

8. On December 24, 2025, Plaintiff gave notice to undersigned counsel with subpoenas to be issued to Defendant's financial institution, Northern Trust, seeking production of bank records for "any trust account or COLTAF or IOLTA account of Messner Reeves, LLP or Messner Reeves, LLP

COLTAF PAYMASTER."

9. On January 2, 2026, undersigned counsel informed Plaintiff's counsel of Defendant's intent to object to Plaintiff's subpoenas filed in the instant action and to serve as Rule 3.01(g) conferral on Defendant's Objection and Motion to Quash the subpoenas to Northern Trust.

10. On January 5, 2026, undersigned counsel filed Defendant's Objection and Motion to Quash Plaintiff's Subpoena Duces Tecum to Northern Trust Corporation and The Northern Trust Company in the instant action (ECF Doc. 27).

11. Unbeknownst to Defendant and undersigned counsel, on December 24, 2025, Plaintiff's counsel also issued a Notice for Deposition Duces Tecum to The Northern Trust Company to occur on January 5, 2026, requesting the same information in a related state court action, the details of which are outlined in further detail below.

12. As stated above, the Deposition Notice demanded appearance with the requested documents on January 5, 2026, and the subpoena in the instant case demanded that the documents be produced by January 7, 2026.

13. The Northern Trust Company produced the responsive documents on January 5, 2026.

14. On January 7, 2026, a minute order was issued in the instant case setting Defendant's Objection and Motion to Quash for hearing for January 22,

2026. The Order further noted that "execution of the subpoena is stayed pending resolution of the motion. (ECF Doc. 29).

15. Northern Trust produced additional documents, which were downloaded by Plaintiff's counsel on January 8, 2026.

16. Plaintiff's counsel is in possession of Defendant's financial records improperly obtained in violation of the Federal Rules of Civil Procedure and this Court's Order.

**C. Related State Court Action**

17. On June 23, 2025, Plaintiff's counsel filed a lawsuit in the 17th Judicial Circuit in and for Broward County, Florida, styled *Kosher Eats LLC vs. Martin Hale*, Case Number: CACE-25-009242, before the Honorable Judge Michael Robinson.

18. Plaintiff's Complaint in Broward County against Defendant, Martin Hale, alleges that he was involved in the transaction that is the underlying basis for the lawsuit filed in the State of California

19. Plaintiff's Counsel filed a Motion for Clerk's Default in that action.

20. A Clerk's Default was subsequently entered against the only named Defendant on July 17, 2025.

21. Plaintiff's counsel never sought leave of Court to conduct discovery on damages following the default in the related state court action.

22. To date, there has never been an appearance by, or on behalf of,

the only named Defendant, Martin Hale, in the related state court action.

23. Despite the fact that a default had been entered, Plaintiff's counsel used the related state court action as a basis to improperly obtain discovery for his other pending cases, issuing numerous subpoenas and notices for depositions duces tecum to various entities from July 2025 through December 24, 2025, including Defendant's financial institution, Northern Trust. (Docket for CACE25009242, attached as **Exhibit A**).

24. Plaintiff's counsel attempted to circumvent the procedural requirements applicable to the instant action by seeking the same information through improper means in the related state court action, despite the procedural posture of that matter. This constitutes an abuse of process.

### III. LEGAL STANDARD AND ARGUMENT

"A district court has broad discretion when fashioning protective orders." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by, forbidding the disclosure of discovery; forbidding inquiry into certain matters; limiting the scope of discovery to certain matters; or requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs, among other remedies. "The Court possesses

the authority to take such actions pursuant to its inherent powers to manage discovery, as well as its discretion to award protective orders conferred by Federal Rule of Civil Procedure 26(c)." *In re Polypropylene Carpet Antitrust Litig.,* 181 F.R.D. 680, 699 (N.D. Ga. 1998); *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1545 (11th Cir.1993) ( "[D]eeply rooted in the common law tradition is the power of any court to manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it. A court may appropriately sanction a party or attorney who shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.")

Under Rule 37 of the Federal Rules of Civil Procedure, the Court may enter appropriate Orders, including sanctions to enforce the Rules and its Orders. Sanctions are appropriate to compensate the court and other parties for the added expenses caused by discovery abuses, to deter others from engaging in similar conduct and to penalize the offending party or attorney. *In re Steffen*, 433 B.R. 879, 883 (M.D. Fla. 2010).

As stated in greater detail above, Plaintiff's counsel improperly obtained Defendant's bank records and continues to possess records obtained in violation of court process. The actions taken to obtain the documents undermine the Court's authority and warrants remedial relief.

Defendant timely filed its Motion to Quash under Rule 45 of the Federal

Rules of Civil Procedure, requesting that the Court exercise its authority to quash or modify the subpoena to prevent disclosure of privileged and/or protected private and confidential information. In response the Court ordered a stay of the subpoenas.

Stay of the subpoenas pending the hearing was not advisory. Once entered, it prohibited further action on the matter pending a ruling by the Court. By downloading records after the stay, Plaintiff's counsel violated the Court's Order, deprived Defendant of the protections of Rule 45, and rendered the pending motion to quash meaningless. Furthermore, Plaintiff's pursuit of the same documents through the related state court action was a duplication of subpoenas and a strategic use of the state court case to obtain materials stayed in federal court. Discovery rules do not permit a party to evade a federal court's order by using another forum, or to obtain discovery in one case for use in another.

Federal courts possess inherent authority to enforce their orders, remedy litigation misconduct, and to deter abuse of the judicial process. This includes ordering claw back and destruction of documents obtained through improper means. *In re Polypropylene Carpet Antitrust Litig.*, 181 F.R.D. 680, 701 (N.D. Ga. 1998)(entering a protective order restricting plaintiffs' further access to the documents and ordering destruction or deletion of any information improperly gained). Because the records were obtained in violation of a federal

court order, and through improper subpoena practice, Plaintiff and Plaintiff's counsel must be ordered to:

1. Immediately cease review or use of the records;
2. Claw back all copies, summaries, notes, and derivative materials;
3. Destroy all subpoenaed records;
4. Certify compliance by sworn declaration.

## VI. CONCLUSION

Plaintiff's counsel's conduct reflects a disregard for this Court's authority and the Federal Rules of Civil Procedure. Immediate protective relief is necessary to restore the status quo and prevent further misuse of improperly obtained records.

WHEREFORE, Defendant, MESSNER REEVES LLP requests that this honorable Court enter an Order granting this Motion; ordering Plaintiff and Plaintiff's counsel to claw back and destroy all records obtained from Northern Trust; prohibiting use of such records, requiring sworn certification of compliance; awarding Defendant reasonable attorneys' fees and costs; and any such further relief as the Court deems just and proper.

Respectfully submitted this 20th day of January 2026.

GORDON REES SCULLY MANSUKHANI

*s/ Alexandra M. Taboada*

>Kristina L. Marsh, Esquire
>Florida Bar No. 85488
>Alexandra M. Taboada, Esquire
>Florida Bar No.: 85488
>Primary: kmarsh@grm.com
>Primary: ataboada@grsm.com
>Secondary: jsimpson@grsm.com
>Secondary: ohollifield@grsm.com
>Tertiary: TampaPleadings@grsm.com
>100 S. Ashley Dr., Suite 1350
>Tampa, FL 33602
>Telephone (Main): 813-444-9700
>Facsimile: 813-377-3505
>*Counsel for Defendant, Messner Reeves LLP*

*THIS SPACE INTENTIONALLY LEFT BLANK*

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, the undersigned certifies that she attempted to confer, via electronic mail, with counsel for Plaintiff, on January 14, 2026, and January 16, 2026, in a good faith effort to resolve the issues presented and the relief sought by this Motion and Plaintiff's counsel did not respond to undersigned counsels attempts. Undersigned counsel will continue attempts to confer with opposing counsel and will supplement this Motion accordingly.

s/ Alexandra M. Taboada
Alexandra M. Taboada, Esquire
Florida Bar No.: 85488

*THIS SPACE INTENTIONALLY LEFT BLANK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 20, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, by way of the CM/ECF system, and was sent, via electronic mail, to:

Kenneth E. Chase, Esquire
**CHASE LAW & ASSOICATES, P.A.**
951 Yamato Road, Suite 280
Boca Raton, FL 33431
kchase@chaselaw.com
*Attorney for Plaintiff*

GORDON REES SCULLY MANSUKHANI

*s/ Alexandra M. Taboada*
Kristina L. Marsh, Esquire
Florida Bar No. 85488
Alexandra M. Taboada, Esquire
Florida Bar No.: 85488
Primary: kmarsh@grm.com
Primary: ataboada@grsm.com
Secondary: jsimpson@grsm.com
Secondary: ohollifield@grsm.com
Tertiary: TampaPleadings@grsm.com
100 S. Ashley Dr., Suite 1350
Tampa, FL 33602
Telephone (Main): 813-444-9700
Facsimile: 813-377-3505
*Counsel for Defendant, Messner Reeves LLP*