# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

EMERALD CONSULTING
PARTNERS, LLC,

      Plaintiff,

v.                                                                    Case No: 8:25-cv-1915-CEH-AEP

MESSNER REEVES LLP,

      Defendant.

_____

## **O R D E R**

This matter comes before the Court on Defendant Messner Reeves LLP's Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss (Doc. 33), filed on January 20, 2026. Defendant requests that the Court stay discovery because a preliminary peek at the merits of its pending motion to dismiss supports a finding that this Court lacks jurisdiction over Defendant, which would dispose of the entire action. Plaintiff filed a response in opposition. Doc. 40. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss.

## DISCUSSION

Plaintiff Emerald Consulting Partners, LLC brings this action against Defendant Messner Reeves under Florida defamation law. Doc. 8. Emerald is a financial advisory and consulting firm. *Id.* ¶ 13. Emerald is a Florida limited liability company with its principal place of business in Florida. *Id.* Defendant Messner Reeves,

LLP is a law firm with its principal office in Denver, Colorado. *Id.* ¶ 14. Pursuant to a contract between the parties, Messner was to serve as an escrow agent in a loan transaction for Emerald. *Id.* ¶ 1. Emerald alleges that on February 22, 2024, Messner published on its website defamatory statements regarding its obligations under this contract. *Id.* ¶¶ 42, 47.

On September 2, 2025, Messner filed its Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction. Doc. 10. Emerald filed a response and Messner filed a reply. Docs. 11, 15. On January 20, 2026, Messner filed its Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss. Doc. 33. Emerald then filed a response. Doc. 40.

In its Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss, Messner argues that staying discovery is appropriate because a "preliminary peek" at its motion to dismiss reveals that it is a meritorious dispositive motion. Doc. 33 at 3.

Emerald opposes the motion to stay discovery. Doc. 40. It argues that the pendency of a motion to dismiss will not justify a motion to stay discovery pending resolution of the dispositive motion. *Id.* at 11–12. Emerald also argues that Defendant has failed to show good cause for a stay and its motion to dismiss is not meritorious. *Id.* at 12–16.

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank,*

2

*N.A.*, No. 8:15-CV-2424, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). In this District, the pendency of a motion to dismiss normally will not justify a stay of discovery pending the Court's resolution of the motion to dismiss. *See* Middle District Discovery (2021) at Section I.E.4; *see also*, *e.g.*, *In re Winn Dixie Stores, Inc. Erisa Litig.*, 3:04-cv-194, 2007 WL 1877887, *2 (M.D. Fla. June 28, 2007). Indeed, "a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, 3:20-cv-1150, 2021 WL 1822758, *1 (M.D. Fla. Apr. 5, 2021).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on its face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The Court generally denies motions to stay absent a clear indication that the Court will dismiss the action in its entirety. *McCrimmon v. Centurion of Fla., LLC*, 3:20-cv-36, 2020 WL 6287681, *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1–2. Finally, the movants must show the necessity, appropriateness, and reasonableness of the proposed stay. *Id.* at *1.

Here, a "preliminary peek" at the pending motion to dismiss reveals that Defendant has raised meritorious and dispositive challenges. "While the Court

3

expresses no opinion on the ultimate merits of the motion," the Court recognizes that Defendant has a basis for dismissal significant enough to warrant a stay of discovery. *See Colon v. Moore & Van Allen PLLC*, No. 8:25-CV-01243, 2025 WL 2930294, at *2 (M.D. Fla. Oct. 15, 2025) (citation modified).

In its complaint, Plaintiff alleges it has specific jurisdiction over Defendant because its conduct falls under the scope of Florida's long arm statute pursuant to Sections 48.193(1)(a)(2) and 48.193(1)(a)(6)(a) of the Florida Statutes. Doc. 8 ¶ 66. Plaintiff alleges that Defendant intended for the purported defamatory content to be discoverable in Florida through its website design and search engine optimization ("SEO"). *Id.* ¶¶ 70–71.

In its motion to dismiss, Messner argues that this Court lacks personal jurisdiction over it because it is a citizen of Colorado and has no connection to Florida. Doc. 10. Messner argues that its website and SEO were not configured with any intent to target Florida residents. *Id.* at 11. Messner provides a signed declaration in support from Adam Wolf, a web developer who provided website-related services for Messner. Doc. 10-5. In its response to Messner's motion to dismiss, Emerald provides a declaration in support from its president, Jonathan Fodera. Doc. 11-1.

To determine whether a court has personal jurisdiction over a nonresident defendant, a court must engage in a two-step inquiry: (1) "[W]hether the exercise of jurisdiction is appropriate under the forum state's long-arm statute;" and (2) "[W]hether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have

4

minimum contacts with the forum state and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice." *Moore v. Cecil*, 109 F.4th 1352, 1362 (11th Cir. 2024). Under the second step, one of the applicable tests for determining whether a defendant has minimum contacts with the forum state is the "effects test" expressed in *Calder v. Jones*, 465 U.S. 783 (1984). *Moore*, 109 F.4th at 1362. "This test requires a showing that the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Id.* (citation modified). A defendant's actions do not create sufficient contacts with a forum state simply because it directed its conduct at a plaintiff whom it knew had connections with the forum state. *Walden v. Fiore*, 571 U.S. 277, 289 (2014). "[W]here there is no evidence that the defendant posted the allegedly defamatory information hoping to reach the forum state or an audience in the forum state specifically, then the *Calder* effects test is not satisfied." *Moore*, 109 F.4th at 1364.

Here, Plaintiff alleges that Defendant targeted Florida through its website design and SEO. However, Defendant responds with a signed declaration from its web developer that contradicts these statements. *See Iconic Content, LLC v. Unknown Officer*, 522 F. Supp. 3d 1179, 1184 (M.D. Fla. 2020) ("The Court must accept facts as alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits and where contradictions exist, the court must construe all reasonable inferences in favor of the plaintiff."); *Killam v. Air & Liquid Sys., Inc.*, No. 8:16-CV-2915, 2017 WL 119778, at *2 (M.D. Fla. Jan. 12, 2017) ("If the plaintiff fails to refute

5

the legally sufficient factual assertions set forth in the defendant's affidavit, the defendant's motion challenging personal jurisdiction must be granted.").[1] Additionally, resolving Defendant's motion to dismiss prior to discovery will help avoid unnecessary costs and burdens on the litigants and the Court. *See Colon v. Moore & Van Allen PLLC*, No. 8:25-CV-01243, 2025 WL 2930294, at *3 (M.D. Fla. Oct. 15, 2025). As a result, good cause exists to stay discovery.

Accordingly, it is

**ORDERED**:

1.      Defendant Messner Reeves' Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss (Doc. 33) is **GRANTED**.

**DONE AND ORDERED** in Tampa, Florida on February 10, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record; Unrepresented Parties, if any

---

[1] The Court defers ruling on Plaintiff's argument that if the Court finds that Defendant's motion to dismiss raises meritorious challenges, the Court should still permit Plaintiff to conduct jurisdictional discovery. *See* Doc. 40 at 16-17. "With respect to personal jurisdiction, the Court, at its discretion, may rule on a motion to dismiss on the basis of affidavits alone, may choose to permit discovery in aid of the motion, or may conduct an evidentiary hearing on the merits of the motion." *Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. U.S.*, No. 2:10-CV-153, 2013 WL 1232612, at *2 (M.D. Fla. Mar. 27, 2013). The Court will determine whether jurisdictional discovery is warranted following review of Defendant's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction (Doc. 10), Plaintiff's opposition (Doc. 11), Defendant's reply (Doc. 15), and the parties' supporting exhibits. *See Wolf v. Celebrity Cruises, Inc.*, 683 Fed. App'x 786, 792 (11th Cir. 2017) ("The right to jurisdictional discovery is a qualified one, available 'when a court's jurisdiction is genuinely in dispute.'").