**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EMERALD CONSULTING
PARTNERS, LLC,

     Plaintiff,

v.                                   Case No: 8:25-cv-1915-CEH-AEP

MESSNER REEVES LLP,

     Defendant.

_____

## ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. On July 21, 2025, Defendant removed this case from the Sixth Judicial Circuit in and for Pasco County, Florida to the Middle District of Florida, alleging that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000 (Doc. 1). Since the citizenship of the parties is not adequately alleged, the Court cannot determine whether jurisdiction exists in this case.

### DISCUSSION

Federal courts must *sua sponte* inquire into an action's subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the

court is powerless to continue.").[1] "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A civil action originally filed in state court may be removed to a federal district court that has original subject-matter jurisdiction over the case. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal jurisdiction based upon diversity exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *Riley v. Merrill*

---

[1] The Court is aware that Defendant's motion to dismiss is pending at docket entry 10. However, the Court cannot act on the motion until its subject matter jurisdiction is determined.

*Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. *Id.* (citation modified). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent[.]" *Id.* (citation modified). Finally, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), while a limited liability company is deemed "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MPH, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

On June 22, 2025, Plaintiff filed a complaint in the Sixth Judicial Circuit in and for Pasco County, Florida (Doc. 1-1). Plaintiff brings this action against Defendant under Florida defamation law. *Id.* On July 21, 2025, Defendant filed its Notice of Removal alleging that removal is proper because diversity jurisdiction under 28 U.S.C. § 1332 exists (Doc. 1).

In its Notice of Removal, Defendant alleges that Plaintiff is a Florida limited liability company with its principal place of business in Florida. Doc. 1 ¶ 6. The members of Plaintiff are Jonathan Fodera, a citizen of Florida, and Titan Strategic Partners, LLC, a New Jersey limited liability company. *Id.* The members of Titan Strategic Partners, LLC, are Saleem Elmasri, Thomas Murphy, and Vanessa Cannata, all citizens of New Jersey. *Id.* Defendant asserts as a result, that Plaintiff is a citizen of Florida and New Jersey. *Id.* ¶ 10. Defendant alleges that it is a Colorado limited

3

liability company with its principal office in Colorado. *Id.* ¶ 7. Defendant's partners are Bryant S. Messner, P.C., a Colorado corporation; Bruce A. Montoya, P.C., a Colorado corporation; David A. Reeves, P.C., a Colorado corporation; Douglas C. Wolanske, Inc., a Colorado corporation; Torben M. Welch, P.C., a Utah corporation; M. Caleb Meyer, P.C. a Colorado corporation; Michelle L. Harden, P.C., a Colorado corporation; Matthew R. Sullivan, P.C., a Colorado corporation; Jon B. Zimmerman, P.C., a California corporation; KMH, P.C., a California corporation; ASH7, P.C., a California Corporation; MPJ, P.C., a Colorado corporation; and SWM ESQ, P.C. a California corporation. *Id.* Defendant asserts as a result, that it is a citizen of Colorado, Utah, and Nevada. *Id.* ¶ 10.

Defendant has not met its burden of establishing the existence of diversity jurisdiction as to its citizenship. Defendant alleges that its members are Colorado, Utah, and California corporations, however Defendant does not allege the principal place of business or place of incorporation for any of these corporations. *See Amegy Bank Nat. Ass'n v. Deutsche Bank Corp.*, No. 2:12-CV-243, 2012 WL 4466466, at *2 (M.D. Fla. Sept. 27, 2012) ("Corporate entities have dual citizenship for purposes of diversity and [one] must affirmatively plead both the state of incorporation and the corporation's principal place of business."). Additionally, Defendant alleges that it is a citizen of Nevada yet does not allege that any of its members has citizenship in or ties to Nevada. Thus, the Court cannot determine whether it has subject matter jurisdiction over this action.

Accordingly, it is hereby **ORDERED**:

Defendant is directed to **SHOW CAUSE** as to why this case should not be remanded to state court for lack of subject matter jurisdiction. Defendant shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order. Failure to respond within the time provided will result in the remand of this action without further notice.

      **DONE AND ORDERED** in Tampa, Florida on June 25, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any