**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EMERALD CONSULTING
PARTNERS, LLC,

     Plaintiff,

v.                                                  Case No: 8:25-cv-1915-CEH-AEP

MESSNER REEVES LLP,

     Defendant.

_____

**O R D E R**

This matter comes before the Court on Defendant Messner Reeves, LLP's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction (Doc. 10). In the motion, Defendant seeks dismissal of the amended complaint for lack of personal jurisdiction. Plaintiff Emerald Consulting Partners, LLC filed a response in opposition (Doc. 11), to which Defendant replied (Doc. 15). Upon careful consideration of the Defendant's motion and being fully advised in the premises, the Court will grant the motion and dismiss Plaintiff's claims against Defendant for lack of personal jurisdiction.

**I.      BACKGROUND**[1]

---

[1] The following statement of facts is derived from the First Amended Complaint (Doc. 8), the allegations of which the Court must accept as true in ruling on the instant motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Plaintiff Emerald Consulting Partners, LLC is a financial advisory and consulting firm. Doc. 8 ¶ 13. Emerald is a Florida limited liability company with its principal place of business in Florida. *Id.*

Defendant Messner Reeves, LLP is a law firm. *Id.* ¶ 14. Messner Reeves is a Colorado limited liability partnership with its principal office in Denver, Colorado. *Id.*

Emerald brings this action against Messner Reeves under Florida defamation law. Pursuant to a contract between the parties, Messner Reeves collected $700,000 in escrow funds from Emerald and was to serve as an escrow agent in a purported loan transaction. *Id.* ¶ 1. The escrow funds were to remain in Messner Reeves' possession pending the funding of the loan. *Id.* ¶ 2. The loan never occurred. *Id.* Emerald claims that the escrow funds should have been returned to it within ninety days under the contract. *Id.* ¶ 2. Messner Reeves informed Emerald that the funds were being held securely in a trust account. *Id.* Messner Reeves claimed it could not return the funds back to Emerald yet due to banking logistics. *Id.* ¶ 10.

On February 22, 2024, Messner Reeves published statements on its website regarding its obligations under the contract. *Id.* ¶¶ 42, 47. Messner Reeves stated:

> Messner Reeves LLP deeply values its reputation for excellence and, therefore, issues this statement in response to the Emerald Consulting Partners LLC lawsuit. At no time have the funds at issue in the lawsuit disappeared or become lost. The legal requirements regarding the return of the funds have not been satisfied, and the firm is legally prohibited from releasing the money at issue. The Plaintiff is aware of these circumstances, yet has falsely alleged otherwise.

*Id.* ¶ 48. The statement was titled "Messner Reeves LLP Issues Statement Regarding Emerald Consulting Partners LLC Lawsuit." *Id.* Emerald alleges that the February 24, 2024, website post falsely portrays Emerald as "dishonest and untrustworthy, causing reputational injury." *Id.* ¶ 11.

Emerald claims that the website post was "accessed by numerous people within Florida." *Id.* ¶ 68. Emerald's clients and business contacts in Florida accessed and read the defamatory statement. *Id.* ¶ 74. Emerald also alleges that Messner Reeves designed its website to target Florida residents. Messner Reeves' website is hosted on WordPress and configured with a specialized search engine optimization ("SEO") plugin to target Florida. *Id.* ¶ 70. Emerald claims that Messner Reeves used this SEO to enhance the likelihood that the statement would be discoverable by Florida users. *Id.* Emerald further alleges that Messner Reeves designed its website to target Florida residents by using a source code which contains "Florida" as a key word appearing four times. *Id.* ¶ 71.

In a two-count complaint, Emerald sues Messner Reeves for defamation per se and defamation per quod (Doc. 8). Messner Reeves filed its Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction (Doc. 10). Emerald then filed a response in opposition (Doc. 11) and Defendant filed a reply (Doc. 15).

## II.   LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). A court must dismiss an action against a defendant

over which it lacks personal jurisdiction. *Smith v. Trans–Siberian Orchestra*, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)). To withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the nonresident defendant. *See id.* at 1313; *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). If the defendant can refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The district court must construe all reasonable inferences in the light most favorable to the plaintiff when confronted with conflicting evidence. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010); *Consol. Dev. Corp.*, 216 F.3d at 1291.

To determine whether personal jurisdiction exists over an out-of-state defendant, courts undertake a two-step analysis. *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. *See Future Tech. Today*, 218 F.3d at 1249. Second, if the court determines that the forum state's long-arm statute has been satisfied, the court must

then decide whether exercising jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* In determining whether jurisdiction comports with the Due Process Clause, the court must ask "(1) whether [the] defendant has established sufficient 'minimum contacts' with the [forum state]; and (2) whether the exercise of this jurisdiction over [the] defendant would offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Only if both prongs of the Due Process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident defendant. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Int'l Shoe*, 326 U.S. at 316).

Personal jurisdiction "concern[s] the extent of a court's power over the parties and the fairness of requiring a party to defend itself in a foreign forum." *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 857 (11th Cir. 1988). It "represents a restriction on judicial power . . . as a matter of individual liberty." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982)). Thus, the court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Trans–Siberian Orchestra*, 689 F. Supp. 2d at 1312 (citing *Posner*, 178 F.3d at 1214 n.6).

## III.    DISCUSSION

Messner Reeves moves to dismiss Emerald's First Amended Complaint for lack of personal jurisdiction. It argues that the Court lacks specific personal jurisdiction

over it because neither Florida's long-arm statute nor Due Process are satisfied. First, Messner Reeves argues that Florida's long-arm statute is not satisfied because the First Amended Complaint does not allege sufficient facts to establish that Messner Reeves engaged in activity to subject itself to specific personal jurisdiction. Second, it argues that its contacts with Florida are insufficient to satisfy the Due Process Clause.

## A. Florida's Long-Arm Statute

The Court will first address whether Florida's long-arm statute has been satisfied. Under Florida's long arm-statute, a defendant may be subject to personal jurisdiction by either: (1) engaging in one of the enumerated acts listed under Florida Statutes § 48.193(1)(a), thereby subjecting itself to *specific* personal jurisdiction; or (2) engaging in substantial and not isolated activity within Florida, as required for *general* personal jurisdiction under § 48.193(2).[2] *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015).

Emerald's First Amended Complaint alleges the existence of specific jurisdiction based on two enumerated acts listed under Florida's long arm statute. Doc. 8 ¶ 66. First, the First Amended Complaint asserts jurisdiction based on tortious acts Messner Reeves committed in Florida under Florida Statutes § 48.193(1)(a)(2). *Id.*

---

[2] In its motion to dismiss, Messner Reeves also argues that the First Amended Complaint fails to allege facts supporting general personal jurisdiction. Emerald does not cite the general jurisdiction provision of Florida's long arm statute in its complaint or respond to Defendant's argument that general jurisdiction is lacking. As such, general personal jurisdiction need not be addressed by the Court.

¶¶ 67–76. Next, it asserts jurisdiction based on solicitation activities that Messner Reeves committed in Florida under Florida Statutes § 48.193(1)(a)(6)(a). *Id.* ¶¶ 77–90.

    1.  *Tortious Acts*

The First Amended Complaint asserts that specific personal jurisdiction over Messner Reeves exists under Florida Statutes § 48.193(1)(a)(2). Under § 48.193(1)(a)(2), specific jurisdiction exists when a cause of action arises out of a defendant "committing a tortious act" in Florida.

A nonresident defendant commits the tortious act of defamation in Florida for purposes of § 48.193(1)(a)(2) when he makes "defamatory statements about a Florida resident . . . on a website," provided that the website containing the statements is "accessible *and accessed*" in Florida." *Jastrjembskaia v. inCruises, LLC*, No. 23-12601, 2024 WL 5244786, at *6 (11th Cir. Dec. 30, 2024) (citing *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1203, 1206 (Fla. 2010); *Dean v. Easterling*, No. 3:19-CV-566, 2020 WL 1665482, at *4 (M.D. Fla. Apr. 3, 2020)); *see Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 947 (11th Cir. 2018) (*citing Internet Sols.*, 39 So. 3d at 1215) ("A party asserting jurisdiction in Florida over a nonresident defendant for a defamation claim must make a prima facie showing that the purported defamatory statements were not merely accessible to, but also 'accessed by a third party in Florida.'").

In its motion to dismiss, Messner Reeves argues that the First Amended Complaint, alleges, in a conclusory manner, that Messner committed tortious acts affecting Florida residents by publishing false and defamatory statements about a Florida-based company. Doc. 10 at 5. Messner Reeves further argues that conclusory

7

allegations that its website was "actually accessed" in Florida are insufficient to support jurisdiction under § 48.193(1)(a)(2). *Id.*

Emerald responds that the First Amended Complaint alleges that Messner Reeves' website was accessible in Florida and actually accessed in Florida by multiple Florida residents. Doc. 11 at 5. Emerald submits a declaration in support of its response to the motion to dismiss, in which Jonathan Fodera, President and Chief Executive Officer of Emerald, states that the defamatory post was accessed by "numerous individuals within the state of Florida" and he is aware of "multiple people in Florida who have accessed" the post. Doc. 11-1 ¶ 48.

In its reply, Messner Reeves concedes that Emerald has presented evidence that Messner Reeves' website was accessed in Florida. Doc. 15 at 2.

Even though Messner Reeves concedes that Emerald's allegations that the website post was accessed in Florida are not conclusory, courts in the Middle District of Florida have required more specificity than Emerald provided. *See Arpaio v. Biden*, No. 8:24-CV-2647, 2025 WL 2591828, at *8 (M.D. Fla. Sept. 8, 2025) (finding conclusory the complaint's allegations that the purported defamatory statements were "published, opened, read and viewed by third parties in this judicial circuit"); *Dean v. Easterling*, No. 3:19-CV-566, 2020 WL 1665482, at *4 (M.D. Fla. Apr. 3, 2020) (finding conclusory the complaint's allegations that "members of the public in the state of Florida viewed" the purported defamatory statements); *Bonczyk v. Levene*, No. 6:20-CV-192, 2020 WL 5803174, at *9 (M.D. Fla. Aug. 25, 2020) (holding plaintiff must allege that a specific "person or group in Florida viewed the allegedly defamatory

material, resulting in harm to [it] . . . to give rise to jurisdiction under section 48.193(1)(a)(2)"); *Asbury v. Stout*, No. 8:25-CV-141, 2025 WL 1906707, at *4 (M.D. Fla. July 10, 2025) (finding Florida's long arm statute was not satisfied where plaintiff failed to allege that a third-party accessed the defamatory communications in Florida.); *see also Catalyst Pharms., Inc. v. Fullerton*, No. 16-25365-CIV, 2017 WL 6558397, at *6 (S.D. Fla. Aug. 8, 2017) (finding conclusory the complaint's allegations that the purported defamatory statements "were accessed by [plaintiff] and others in Florida"), *aff'd* 748 F. App'x 944, 947 (11th Cir. 2018).

Emerald also argues that Messner Reeves committed a tortious act in Florida by directing false communications into Florida. Doc. 11 at 5–6. In support of this argument, Emerald describes an email from January 25, 2024, to Plaintiff's Florida counsel—stating that Emerald's funds remained in its control, which was sent into Florida and which Emerald argues is a false statement. *Id.* Plaintiff cites *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002).

In *Wendt*, the Florida Supreme Court states that a defendant does not need to be physically present in Florida to commit a tortious act for purposes of specific jurisdiction, rather a tortious act "can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida." However, the Florida Supreme Court further notes that "the cause of action must arise from the communications." Florida courts refer to this connection between the act and the forum state as "connexity." *Wiggins v. Tigrent, Inc.*, 147 So. 3d 76, 87 (Fla. 2d DCA 2014). The connexity analysis for defamation actions requires a court to analyze where

9

the publication occurs. *See Madara v. Hall*, 916 F.2d 1510, 1515 (11th Cir. 1990) ("The tort of libel is generally held to occur wherever the offending material is circulated."). Under Florida law, the tort of defamation is committed in the place where it is published. *Rautenberg v. Falz*, 193 So. 3d 924, 929 (Fla. 2d DCA 2016); *Casita, L.P. v. Maplewood Equity Partners L.P.*, 960 So. 2d 854, 857 (Fla. 3d DCA 2007); *Wiggins*, 147 So. 3d at 86 ("Cases involving torts such as defamation, libel, and slander are especially amenable to [the connexity analysis] because such torts are generally considered to occur in the state where the tortious statements are published or directed.").

Here, the causes of action for defamation in the First Amended Complaint do not arise from the email Messner Reeves sent to Emerald's counsel. The January 25, 2024, email concerns an allegedly false statement of similar subject matter as the purported defamatory website post from February 22, 2024. However, the website post—not the email—is the tortious conduct at issue. Thus, any connection between the January 25, 2024, email and the forum state is irrelevant for the connexity analysis.

Thus, Florida's long-arm statute has not been satisfied under § 48.193(1)(a)(2).

2. *Solicitation Activities*

The First Amended Complaint also alleges that the Court has personal jurisdiction over Messner Reeves under Florida Statutes § 48.193(1)(a)(6)(a). Section 48.193(1)(a)(6)(a) confers personal jurisdiction over a defendant that causes "injury to persons or property within [Florida] arising out of an act or omission by the defendant outside [Florida], if, at or about the time of the injury," the defendant "engaged in

10

solicitation or service activities within [Florida]." The First Amended Complaint alleges that Defendant solicited money from multiple Florida victims in 2023 pursuant to a fraudulent scheme.

The Florida Supreme Court held that § 48.193(1)(a)(6) (previously codified as § 48.193(1)(f)) applies only when a defendant's out-of-state actions cause personal injury or damage to physical property in Florida. *Aetna Life & Cas. Co. v. Therm-O-Disc, Inc.*, 511 So. 2d 992, 994 (Fla. 1987) ("We hold that the provisions of section 48.193(1)(f) contemplate personal injury or physical property damage."); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) ("The Florida Supreme Court has held that § 48.193(1)(f) applies only when a defendant's out of state actions cause personal injury or damage to physical property in the State of Florida."). Section 48.193(1)(a)(6) does not apply to economic injuries. *Williams v. 3RD Home Ltd.*, No. 8:20-CV-1647, 2021 WL 825047, at *7 n.5 (M.D. Fla. Mar. 4, 2021) ("[M]ere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under . . . § 48.193(1)(a)(6)(a)").

Here, the First Amended Complaint does not "point to any personal injury or property damage stemming from" Messner Reeves' purported solicitation or service activities in Florida. The First Amended Complaint only alleges economic damages in the form of reputational harm. Thus, § 48.193(1)(a)(6)(a) does not apply.

Florida's long-arm statute has not been satisfied.

**B. Due Process**

Even if Emerald satisfied Florida's long arm statute, personal jurisdiction over Messner Reeves does not comport with the Due Process Clause. In specific jurisdiction cases, courts apply a three-part due process test: (1) the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) the nonresident defendant "purposefully availed" itself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (citation modified).

The First Amended Complaint alleges that Due Process is satisfied because Messner Reeves configured its website and SEO to enhance the likelihood that its defamatory post would be discoverable in Florida. Doc. 8 ¶¶ 69–70. It further alleges that Messner Reeves' website targeted Florida residents because the source code of its website contains "Florida" as a keyword appearing four times. *Id.* ¶ 71.

Messner Reeves argues that the use of an SEO is a standard in the web design industry and it did not use its website or SEO to target the statement directly into Florida. Doc. 10 at 11. Messner Reeves attaches a declaration from its website developer, Adam Wolf, in support. Doc. 10-5.

12

Emerald responds that Messner Reeves directed its conduct at Florida by soliciting money from Florida LLCs, employing Florida residents as intermediaries, sending false emails and messages into Florida, and publishing a statement about a Florida business intending to cause reputational harm in Florida. Doc. 11 at 7.

1. *Arise Out of or Relate to*

The first inquiry is whether the claims "arise out of or relate to" Messner Reeves' contacts with Florida. *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1229 (11th Cir. 2023); *see Asbury v. Stout*, No. 8:25-CV-141, 2025 WL 1906707, at *4 (M.D. Fla. July 10, 2025). In *Asbury*, the relevant contacts for a defamation claim under this inquiry were the defamatory communications—namely emails and an ethics complaint. *Id*

Here, the relevant contact for purposes of the defamation claim is the website post. Emerald's jurisdictional allegations that Messner Reeves targeted Florida because it solicited money from Florida LLCs, employed Florida residents as intermediaries, and sent false messages into Florida are irrelevant. Emerald's defamation claims do not arise out of these contacts. The First Amended Complaint has failed to allege that Messner Reeves' "[Florida]-based conduct relates to the claims" in this case. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 365 (2021).

2. *Purposeful Availment*

Emerald's argument that Messner Reeves' purposefully availed itself to the jurisdiction of Florida courts is also without merit. To determine whether purposeful

13

availment has occurred in an intentional tort[3] case, there are two applicable tests: "the effects test and the traditional minimum-contacts test." *SkyHop Techs., Inc.*, 58 F.4th at 1230.

    a. *Effects Test*

The effects test[4] requires a showing that the defendant "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Moore v. Cecil*, 109 F.4th 1352, 1362 (11th Cir. 2024) (citation modified). The Supreme Court has made clear that a defendant's actions do not create sufficient contacts with the forum state "simply because [it] directed [its] conduct at [a] plaintiff[] whom [it] knew had [forum state] connections." *Walden v. Fiore*, 571 U.S. 277, 289 (2014). "The fact that [the plaintiff]—the subject of the out-of-forum speech—resides in Florida is not sufficient on its own to satisfy the Due Process Clause." *Asbury*, 2025 WL 1906707, at *4. "[W]here there is no evidence that the defendant posted the allegedly defamatory information hoping to reach the forum state or an audience in the forum state specifically, then the *Calder* effects test is not satisfied." *Moore*, 109 F.4th at 1364. "[A] plaintiff must show that the forum state is the 'focal point' of the communications in question by way of evidence that the publication was directed at the state . . . as opposed to [its] followers or a national audience generally." *Wood v. Netflix, Inc.*, No.

---

[3] Under Florida law, defamation is an intentional tort. *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 207 (Fla. 2007).
[4] The Supreme Court set forth the "effects test" in *Calder v. Jones*, 465 U.S. 783 (1984).

8:22-CV-2431, 2025 WL 918078, at *19 (M.D. Fla. Mar. 26, 2025); *see Delphi Connection, LLC v. Parisot-Potter*, No. 2:24-CV-789, 2025 WL 2652856, at *1 (M.D. Fla. Sept. 16, 2025).

In *Delphi*, the court considered whether a series of social media posts targeted Plaintiff or Florida. *Delphi*, 2025 WL 2652856, at *5. In that case, the defendant posted a series of essays on LinkedIn deriding the training program of the plaintiff—a consulting firm. *Id.* The Court found that the defendant's posts targeted the plaintiff because it derided its training program and the posts were directed at an audience specifically in Florida when the defendant linked her posts to the personal social media pages of plaintiff's principals and published an unredacted invoice containing the plaintiff's Florida address. *Id.*

In order to satisfy the effects test, Emerald must allege that Messner Reeves posted on its website "hoping to reach the forum state or an audience in the forum state specifically." *See Moore*, 109 F.4th at 1364. The First Amended Complaint alleges that Messner Reeves targeted Florida through its SEO and source code, which contains the word Florida four times. However, in its motion to dismiss, Messner Reeves provided an affidavit[5] from its web developer, Adam Wolf, attesting that Messner Reeves does not use its SEO to specifically target Florida. Doc. 10-5 ¶ 3. Additionally, Wolf states that although Florida appears in the source code for the web

---

[5] "Because the standard for considering declarations and affidavits is the same, the terms are used interchangeably throughout this Order." *Mulloney v. Polk Cnty. Board of Cnty. Commissioners*, 8:17-CV-2573-CEH-TGW, 2019 WL 13271780, at *5, n.8 (M.D. Fla. 2019).

15

page four times, so does every other state. *Id.* ¶ 5. Emerald provided a declaration from its CEO and President in response, however none of his statements rebut or conflict with those of Wolf's to create a "genuine dispute of material jurisdictional fact." *Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp. 3d 1312, 1328 (M.D. Fla. 2017) (denying jurisdictional discovery where the plaintiff did not submit evidence that rebutted defendant's affidavits), *aff'd sub nom. Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545 (11th Cir. 2019).

The only evidence supporting purposeful availment is Messner Reeves naming Emerald in its alleged defamatory website post: "Messner Reeves LLP deeply values its reputation for excellence and, therefore, issues this statement in response to the Emerald Consulting Partners LLC lawsuit." Unlike the defamatory post in *Delphi*, nothing indicates that the post targeted Emerald or Florida. The post does not contain mention of Florida and discusses Emerald in the context of a lawsuit between the parties. Additionally, the lawsuit was filed in California state court. Doc. 10, Exhibit A. Messner Reeves' post is only connected to the forum because it mentions Emerald who is a citizen of the forum. Since the "plaintiff cannot be the only link between the defendant and the forum," *Walden*, 571 U.S. at 289, Emerald has not satisfied the effects test.

    b. *Minimum Contacts Test*

Emerald's arguments similarly fail under the minimum contacts test. Under the minimum contacts test for purposeful availment, the court looks at a nonresident defendant's contacts with the forum state and asks whether those contacts: "(1) are

related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357. In *Louis Vuitton*, the Eleventh Circuit analyzed whether a defendant's website purposefully availed defendant to jurisdiction in Florida where the website was used to sell alleged counterfeit goods. The court found purposeful availment under the minimum contacts test because the defendant operated a fully interactive website accessible in Florida, sold and distributed infringed goods through this website to Florida consumers, and the cause of action derived directly from those contacts.

Other courts have also looked at whether a website is active or passive in order to determine the issue of purposeful availment where the website is the only connection the defendant has to a forum. *See e.g.*, *Miller v. Berman*, 289 F. Supp. 2d 1327, 1335 (M.D. Fla. 2003) ("[C]ase law on this subject suggests that a Court must look at the nature of a website and the commercial activity actually being conducted over a website in order to determine whether personal jurisdiction can be constitutionally exercised."); *Internet Sols. Corp*, 2010 WL 11617855, at *3 ("The constitutionality of basing personal jurisdiction on Internet activity has been analyzed in light of the interaction between the host and the user and the commercial nature of the Web site."). At one end of the spectrum are active websites that conduct business over the internet with individuals from foreign jurisdictions. *See Hartoy Inc. v. Thompson*, No. 02-80454-CIV, 2003 WL 21468079, at *4 (S.D. Fla. Jan. 29, 2003). At

17

the other end of the spectrum are passive websites which simply provide information which can be accessible to users in foreign jurisdictions. *See id.* "[P]assive websites . . . are not grounds for the exercise of personal jurisdiction." *Einmo v. Aecom Gov't Servs., Inc.*, No. 8:06-CV-1371, 2007 WL 2409816, at *10 (M.D. Fla. Aug. 21, 2007). While this test is not binding in this jurisdiction, it is a factor this Court may take into account. *See Phazzer Elecs., Inc. v. Protective Sols.*, Inc., No. 6:15-CV-348, 2016 WL 3543638, at *5 n.9 (M.D. Fla. June 29, 2016).

Turning to the analysis of the commercial nature of the website, Emerald does not allege that there is any commercial activity associated with the website. The website only provides information to users in foreign jurisdictions. It does not allow consumers "to purchase items or enter into a contract online." *See Full Sail, Inc. v. Spevack*, No. 6:03-CV-887, 2003 WL 25277185, at *4 (M.D. Fla. Oct. 21, 2003). The website post only mentions Emerald in the context of a lawsuit between the parties which occurred outside of Florida. Under the minimum contacts test, Defendant has not purposefully directed its activities towards Florida in such a way that it could reasonably anticipate being haled into Florida court.

Thus, Emerald has failed to allege sufficient facts to show Messner Reeves purposefully availed itself of the privilege of conducting activities in Florida through either the effects or minimum contacts test.

3. *Fair Play and Substantial Justice*

In determining whether the exercise of personal jurisdiction over a non-resident defendant comports with fair play and substantial justice, a court considers "(1) the

18

burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Louis Vuitton*, 736 F.3d at 1358 (citation modified).

Messner Reeves argues that defending this lawsuit in Florida imposes an undue burden on it because it is headquartered in Colorado and has no offices or attorneys in Florida. Doc. 10 at 13. It also argues that the underlying lawsuit at issue in this defamation action was filed in California, thus Florida has little interest in adjudicating this dispute beyond the fact that Plaintiff is a Florida company. *Id.*

Emerald argues that litigating in Florida imposes no undue burden because Messner Reeves is a national law firm with more than 140 attorneys and multiple offices across the world. Doc. 11 at 8. Additionally, Emerald argues that personal jurisdiction over Messner Reeves does not impose an undue burden because Messner Reeves reached into Florida to solicit money, used Florida agents to do so, and defamed a Florida company. *Id.* Emerald further argues that Florida has an interest in protecting its residents from out-of-state fraud and defamation. *Id.*

Since Emerald has failed to meet its burden of showing the first two prongs of the Due Process test, the Court need not address whether Messner Reeves made a "compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Louis Vuitton*, 736 F.3d at 1355.

19

Emerald has failed to allege facts satisfying Due Process for purposes of personal jurisdiction. Defendant is not subject to the jurisdiction of a Florida court on the claims alleged in this case.

Accordingly, it is

**ORDERED**:

1.      Defendant Messner Reeves, LLP's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction (Doc. 10) is **GRANTED**. Plaintiff Emerald Consulting Partners, LLC's action is dismissed without prejudice for lack of personal jurisdiction.

**DONE AND ORDERED** in Tampa, Florida on July 14, 2026.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

20